## DANIEL A. MOWRY, JR., *v.* HOME LIFE INSURANCE COMPANY.

Subject to the rules of evidence and certain general principles, the whole conduct of a trial, the order of introducing evidence, and the allowing a party to introduce evidence at any particular time, is subject to the discretion of the presiding judge, and it is no ground for a new trial, that where the plaintiff, in an action on a policy of life insurance upon another's life, closed his testimony without offering any evidence showing that he had an insurable interest in the life of the party insured, the presiding judge, having at first decided to sustain a motion for a nonsuit on the part of the defendant, afterwards allowed the plaintiff to offer evidence of his insurable interest.

In an action on a policy of life insurance, a letter from the president of the defendant company to one S. having been admitted for the purpose of showing him to be a general agent of said company, *it was held* that certain instructions from said president to said S. sent him as advice and information for his private use, but not as any limitation on his authority, were properly excluded from the case.

*Held, further,* that testimony of the plaintiff that said S. told him that if no poison was found in the body of the insured the defendants would pay the amount of the policy, was properly admitted, the judge having instructed the jury, that if said S. was agent of the company his statement would have the same effect as if made by the defendants, and that if made by the defendants it would not bind them, but must be left to the jury, in connection with the other facts in the case.

*Held, further,* that testimony to show that the plaintiff had recently procured additional insurance on the same life, was properly excluded, it being sufficient for this trial to show that he had an insurable interest in the life of the deceased, the defendants not having provided against additional insurance.

*Held, further,* that the burden of proof was on the defendant company to show that the statements made by the plaintiff, in his application for insurance, were untrue; that the value to the plaintiff of the life of the party insured was a matter of estimate or opinion, and that the jury should determine whether he could fairly estimate his interest therein at the sum stated in his application.

*Held, further,* that interest on the part of the plaintiff in the life of the party insured need not exist at time of suit, such interest, existing at the commencement of the policy, being sufficient to sustain the action.

An insurance by A. on the life of B. where A.'s claim on B. is simply the pretext for the insurance ; where A. has no interest in the life of B. he would reasonably desire to have protected by insurance : or where A.'s interest is small, and the insurance vastly disproportionate; is a gaming contract, and therefore cannot be sustained.

A premium on a policy of life insurance being due on a certain day, a receipt signed by the agent of the insurance company, and dated on ·that day, is presumptive evidence of payment thereof on that day.

A regularly appointed agent, in this state, of a foreign insurance company, must be presumed, in the absence of evidence to the contrary, to have full authority to act for said company. Any limitation of his authority must be brought home to the knowledge of the plaintiff, to be binding upon him.

Where a premium on a policy of life insurance is not paid until subsequently to the day upon which it is due, the parties sueing upon the policy must satisfy the jury that the insured was in good health at the time of the payment of said premium, in order to keep the policy in force.

ASSUMPSIT to recover the sum of ten thousand dollars, being the amount of a policy of insurance effected by the plaintiff in the defendant corporation upon the life of his uncle, Nelson H. Mowry.

At the trial of the case at the March term, 1869, of this court for the county of Providence, before Mr. Justice Durfee and a jury, a verdict was rendered in favor of the plaintiff for the full amount claimed, $10,000 and interest, and a motion was made by the defendants for a new trial, on account of alleged erroneous rulings of the court, and for misdirection to the jury in matter of law.

At the trial, it appeared that the plaintiff, who had procured insurance in the defendant corporation upon the life of his uncle, the said Nelson H. Mowry, by policy bearing· date March 3d, 1866, was the holder of a promissory note for $1,000, bearing interest at the rate of 2½ per cent. per month, made by the said Nelson H. Mowry, and given to the plaintiff in 1867. Evidence was offered also, tending to show that the plaintiff had furnished other sums of money at various times to his said uncle, and ren-

dered him valuable services. It also appeared that the premium which became due last before the death of the said Nelson H. Mowry, was due on the 3d of March, 1868, and was then paid by a note at thirty days, given by the plaintiff to one John Shepley, who was the agent of the defendant company in the state of Rhode Island, and who gave the plaintiff the following receipt therefor:—

"Brooklyn, March 3d, 1868. Received of Daniel A. Mowry, Jr., $690, for the annual premium due March 3d, 1868, on policy No. 9037, for insurance on the life of Nelson H. Mowry, being from March 3d, 1868, to March 3d, 1869."

Evidence was also introduced to show that the body of the said Nelson H. Mowry had been exhumed, and a *post.mortem* examination had, with a view of ascertaining whether he had died by poison, and that no traces of poison had been found. The other material facts of the case, and the substance of the exceptions, are stated in the opinion of the court.

*B. N. Lapham*, (*G. W. Parsons, of New York, with him,*) for the defendants, *in support of the motion:*—

I. The judge should have non-suited the plaintiff. Hilliard on New Trials, page 221; *Reese* v. *Mutual Benefit Insurance Co.* 23 N. Y. 576; 3 Kent's Com. 368.

II. The judge admitted improper evidence. Shepley's declarations that the company would pay if they found no poison, were not admissible. He had no authority to say upon what terms they would pay. This was matter of written contract. 1 Greenleaf on Evidence, §§ 113, 114; Hilliard on New Trials, p. 310. Evidence of insurance obtained by the plaintiff on the life of Nelson H. Mowry after this insurance, should have been admitted. Hilliard on New Trials, p. 310; *Sarle* v. *Arnold*, 7 R. I. 582; 2 Smith's Lead. Cases, 350, 352; *Alsop* v. *The Commercial Insurance Co.* 1 Sumner, 465; *Baptist Church* v. *Brooklyn Fire Ins. Co.* 28 N. Y. 154; *Hale* v. *Mechanics' Mutual Fire Ins. Co.* 6 Gray, 169.

III. The judge erred in charging the jury in the following respects: 1. In not charging that the policy and application constituted the contract. *Roberts* v. *Chenango Insurance Co.* 3

Hill, 501. 2. In not charging that the plaintiff's only insurable interest was his indebtedness from Nelson H. Mowry, and that he could not recover beyond that sum. *Goodsall et al.* v. *Bolden et al.* 9 East. 72 ; Angell on Fire and Life Insurance, §§ 296, 297, 298, 551, § 18 of introduction, and § 55 ; 2 Smith's Lead. Cases, 347, 350 ; *Reese* v. *Mutual Benefit Ins. Co.* 23 N. Y. 516. 3. In not charging that if the debt was paid before the death of Nelson H. Mowry, the plaintiff could not recover. *Goodsall et al.* v. *Bolden et al.* 9 East. 72. 4. In not charging that the premium due March 3d, 1869, was not paid. 5. In not charging that John Shepley had no authority to accept a note in payment in lieu of money, and to deliver receipt. *McEvers et al.* v. *Lawrence et al.* 1 Hoffman, Ch. 172 ; *Evans* v. *Trimountain Mutual Fire Ins. Co.* 9 Allen, 329 ; *Mulvey* v. *Shawmut Mutual Fire Ins. Co.* 4 Allen, 116 ; *Wall* v. *The Home Ins. Co.* 36 N. Y. 157. 6. In not charging that the declarations of Shepley, that the company only required satisfactory proof that Nelson H. Mowry did not die of poison, and that the testimony in reference to the *post mortem* examinations, were not pertinent.

*Bradley and Collins, for the plaintiff:—*

I. As to the refusal to non-suit. The order in which the testimony shall be submitted is in the discretion of the judge. *Dally* v. *India Life Ins. Co.* 28 E. L. & E. 312, and cases cited in notes ; 3 Am. Law Register, 138 ; *Trenton Mutual Life Ins. Co.* v. *Johnson*, 4 Zabriskie, 575, and cases *infra*.

II. As to the rejection of the printed book. It was not claimed that the book, or any of the contents, were ever made known to the plaintiff. It was not shown that any of the contents referred to the question arising in this case. The letter of appointment was admitted without objection. The other exhibits show that Shepley was general agent of the company.

III. As to the admission of evidence of Shepley's statement. His agency being proved and not denied, his statements are clearly admissible, especially with the limitation in the charge, that they were not binding upon the company.

IV. As to the evidence of interest. It is not necessary, upon a policy of life insurance, to show that the insurer holds a

specific legal debt for the amount of the policy against the person whose life is insured; at most, it is sufficient if he has a pecuniary interest in the life of the deceased substantially equal to the amount insured. *Hoyt* v. *New York Ins. Co.* 3 Bosworth, 440; *Lord* v. *Dall,* 12 Mass. 110; *Loomer* v. *Eagle L. & H. Ins. Co.* 6 Gray, 396. When the company merely ask if the applicant has such interest, his statement, if made in good faith, (being a matter of estimate and opinion,) and if accepted by the company for the purpose of fixing the amount of policy and of the premium, is binding upon them in determining the amount of the loss. *Ruse* v. *Mutual Benefit Life Ins. Co.* 26 Barb. 556. A partnership arrangement being of uncertain value, is to be taken as valued at the amount of the policy. 6 Gray, *supra;* 26 Barb. do.; *Bever* v. *Conn. Mutual Life Ins. Co.* 26 Conn. 224. The value of such an arrangement in the case at bar was left to the jury. The statement of evidence, as allowed by the judge, shows that such an arrangement existed. If it does not appear that it existed before the date of the policy, it certainly does not appear that it did not. That question was left to the jury, (see charge,) and there is no ground in fact, or in the statement as allowed, to set aside their verdict.

V. The request to charge, that if the pecuniary interest of the plaintiff in the life of the deceased was discharged by subsequent payments and by payments upon another policy, the verdict should be for defendant, was properly refused; because subsequent payments do not affect the right to recover. *Rawles* v. *Am. Ins. Co.* 36 Barb. 357.

The company, or its agent, may waive the condition requiring the premium to be paid in cash on a day certain, and the delivering the renewal receipt for the premium is sufficient evidence of such waiver as between the assured and the company. 1 Phillips on Insurance, 22, 23, 24, and cases cited; 3 Kent's Com. 260; *Andersin* v. *Thomlin,* 20 Eng. L. & E. 319; *Heaton* v. *Manhattan Fire Ins. Co.* 7 R. I. 502; *N. Y. Central Ins. Co.* v. *N. Protection Ins. Co.* 20 Barb. 468; *Gort.* v. *N. Protection Ins. Co.* 25 Barb. 190; *Peck* v. *New London Mutual Ins. Co.* 22 Conn. 575; *Sheldon* v. *Connecticut Mutual Life Ins. Co.* 25 Conn. 207; *Baxter* v. *American Mutual Life Ins. Co.* 25 Conn. 542.

POTTER, J.  1st.  The first ground of the motion is, that the plaintiff closed his testimony without putting in any evidence that he had any insurable interest in the life of Nelson H. Mowry ; that the defendant moved for a nonsuit, which the judge at first decided to sustain, but afterwards allowed the plaintiff to put in evidence to that effect.

Subject to the rules of evidence and to certain general principles, the whole conduct of the trial, the order of introducing evidence, and the allowing a party to introduce evidence at any particular time, must be subject to the discretion of the presiding judge, with a view to bring before the jury the merits, and the whole merits of the case ; and we see no reason for granting a new trial on this ground.

2d.  Because the judge allowed the plaintiff to put in a letter from the president of the defendant company to Shepley constituting him an agent of the company, and at the same time ruled out certain instructions referred to in said letter.

The letter had been admitted without objection.  It was put in to show Shepley's agency.  The last paragraph is, " You will, of course, study carefully our 'Instructions to Agents' sent herewith : the suggestions contained therein will, we presume, cover all the points likely to arise in your business.  If, however, you need any explanations or information at any time, please write us and we shall be happy to answer your inquiries."  It thus seems that the letter did not refer to the Instructions as any limitation on his authority, and it does not appear that they were anything more than advice and information for his private use.  It did not appear that at the time of making the policy the plaintiff knew either of the letter or of the Instructions, and the fact of his agency was not disputed before the jury.  In fact, other documentary evidence of his recognition as a general agent was afterwards put into the case. We do not think the rejection of these Instructions under these circumstances a sufficient reason for a new trial.

3d.  That the judge admitted the testimony of the plaintiff and others, that said Shepley told him and others, that if no poison was found, the defendants would pay.  The testimony

of the plaintiff as to Shepley's statement to him was not objected to : that of the others was objected to and ruled in.

The judge expressly told the jury, that if Shepley was agent the statement would have the same effect as if made by the defendants, and that if the defendants had made such a statement themselves, it would not bind them ; but it was left to the jury in connection with the other facts in the case. We do not consider this as a sufficient ground for a new trial.

4th. That the judge ruled out testimony offered by the defendants that the plaintiff had, within less than two years, got $30,000 more insurance on the same life, for the purpose of showing that the policy sued on was a wagering and speculative policy, and of showing that the plaintiff must have known that there was something in the condition of said Nelson which would make the insurance peculiarly hazardous, and which was not communicated to defendants.

It was sufficient for the purposes of this case that the jury were satisfied that he had, as he represented, an insurable interest. We cannot make a new contract for the parties. They made a definite, specific contract, to pay a certain sum on a certain event. The companies calculate the risk according to the tables and upon certain representations. They are paid for the risk. If they had wished to provide against additional insurance they could have done so, but they have not done so.

The objections made to the charge are :—

That the judge did not charge the jury, that the application and policy were to be taken together and constituted the contract between the parties.

We think the judge did charge to this effect, although not in the exact words asked.

That the judge refused to charge, that if plaintiff did not have an interest in his uncle's life to the amount of $10,000 the policy was void by the terms thereof, and that as matter of law the plaintiff's only interest in the life of his uncle was the amount of his indebtedness, and that he could in no event recover an amount exceeding that.

The plaintiff claimed an interest in the life insured on account

of a debt owing him from his uncle, and also on account of an arrangement for going into some business in which his uncle was to assist him, and which would have proved very profitable. A portion of the debt had been paid.

The defendants contended that the debt was a trumped up claim, and was also barred by the statute of imitations.

The judge charged that the plaintiff, in order to recover, must show an insurable interest in the life of his uncle, and on the point made by the defendants that the statements in the plaintiff's application (one of which was that he had an insurable interest in his uncle's life to the amount of $10,000) were not true, the judge charged that the burden of proof was on the defendants to show that these statements were untrue; that the value of the uncle's life to the plaintiff was matter of estimate or opinion; and it was for the jury to judge, whether by a fair and honest estimate at the time, the plaintiff could consider that he had an interest in his uncle's life to that amount.

And the judge further charged, that the fact that the note was barred by the statute of limitations, was not of itself evidence that it was not good and valid to sustain the plaintiff's claim; and that these were considerations addressed to the jury.

It was contended that the contract is to be considered as made in New York, and to be governed by the laws of New York. As we understand the New York statute, (Revised Statutes, New York, vol. 1, part 1, ch. 20, title 8, art. 8, §§ 8, 9, 10, Edmond's ed. p. 614,) and the decisions made in that state, this would make no difference in the present case.

That the judge did not charge, that if any pecuniary interest the plaintiff had in his uncle's life at the date of the policy had been discharged by payments from his uncle or from the Brooklyn Life Insurance Company, the plaintiff could not recover.

If the plaintiff had an interest at the commencement of the policy, (if an interest was required,) it is not necessary that interest should exist at time of suit. *Rawls* v. *American Mutual Life Insurance Co.* 36 Barb. 357.

If the parties had wished to make it a mere contract to guaranty a debt, they could have done so. They have not done so.

We consider it settled by the authorities, that a life insurance policy is not in any proper sense a contract for indemnity. It is indeed necessary in New York, and according to some of the other authorities, that the insurer of the life of another should have some interest at the time of insurance, but what that may be is left very much undefined. The reasons generally given for requiring an interest as matter of public policy, do not seem very forcible, and in *Johnson* v. *Trenton Mutual Life Insurance Company*, 4 Zabriskie, 576, the court held policies good without interest, and observe that a policy on another life is just as dangerous and tempting to crime where there is an interest, as where there is not.

As the judge observed on the trial, it is almost impossible to estimate exactly the interest one has in the life of another. If he is a debtor, it does not follow that the interest of the insurer is the whole amount of his debt.

That the judge refused to charge, that if said plaintiff procured insurance on the life of his uncle largely in excess of his pecuniary interest, and such interest was used as a cover for a wagering policy, the plaintiff could not recover.

This point is disposed of by what we have before said. In this case, the plaintiff represented that he had an insurable interest to the amount of $10,000, and that matter was left to the jury under the directions before mentioned. Moreover, the judge did substantially comply with the request. He charged the jury that if the plaintiff's claims were simply the pretext for the insurance, and he had no interest in the life of his uncle which, as a reasonable man, he would desire to have protected by an insurance, or if that interest were small and the insurance vastly disproportionate, that then the contract was a gaming contract, and should not be sustained.

The judge was requested to charge, that if the habits of said Nelson H. Mowry were not uniformly and strictly temperate, the verdict should be for defendant.

As one of the questions proposed and answered in connection with the above was, whether said Nelson was addicted to the excessive use of alcoholic liquors or opium, we think the judge

rightly ruled, that this language was to be taken in its ordinary sense, that an occasional use was not to be deemed intemperance, but that he must indulge in them to such an extent as would be considered an excess.

Upon the point whether any company had previously rejected any application for similar insurance, we deem the evidence which was stated to the jury to be too indefinite to be entitled to much influence. And the judge did charge, that if the jury were satisfied such an application had been rejected, the verdict as to that point should be for the defendant.

That it was in evidence, that the cash premium was not paid on the third of March, and that Shepley, the agent, had no authority to waive it or accept a note in lieu of part of it.

The judge ruled, and we think properly, that the receipt signed by the officers of the company and delivered by the agent Shepley, dated March 3d, was presumptive evidence of payment on that day, and was a recognition of the note as payment. And that if Shepley was the regular agent of the company in this state, then he had (in the absence of evidence to the contrary) full authority to act for the company, and that any limitation on this authority must be brought home to the knowledge of the plaintiff.

The judge charged, and rightly, that if the premium was not paid on the third of March, but afterwards, it was the duty of the plaintiff to satisfy the jury that Nelson H. Mowry was in good health at the date of payment in order to keep the policy in force; and upon the 12th point he charged as requested.

We have considered these points, and also the questions as to the weight of evidence, and see no sufficient reason for granting a new trial.

*Exceptions overruled.*